IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
SAM KELLEY,                        )
                                   )
               Plaintiff,          )        8:08CV434
                                   )
     v.                            )
                                   )
COUNTY OF SARPY, NEBRASKA,         )        MEMORANDUM AND ORDER
and JEFF DAVIS, in individual      )
and official capacities,           )
                                   )
               Defendants.         )
_____)
```

This matter is before the Court on defendants County of Sarpy, Nebraska ("Sarpy"), and Jeff Davis's motion to dismiss (Filing No. 8). The defendants argue that Sam Kelley's complaint (Filing No. 1) fails to state a cognizable equal protection claim against Davis, and even if it does, that Sarpy cannot be held liable for it. Upon review of the motion, the complaint, the briefs of the parties, and the applicable law, the Court finds that the motion should be denied.

## I. BACKGROUND

The following facts, taken from the plaintiff's complaint, are presumed to be true for the purposes of this motion. Sam Kelley had been a volunteer firefighter in Gretna, Nebraska, since September 11, 2003. As part of his duties, Kelley had to pass a firefighter training program with other volunteer firefighters at the Bellevue Training Center ("Facility") in Bellevue, Sarpy County, Nebraska. One day before

state testing was to begin, the Sarpy County Sheriff's office refused and denied Kelley permission to enter the facility. Specifically, the Sarpy County Sheriff's office informed the Gretna, Nebraska, Fire Chief that Kelley was not allowed on the property of the facility and that he would be removed from there if necessary. Others seeking volunteer firefighter training were allowed access to the facility for state testing purposes, as Kelley had been in the past. Indeed, it was necessary for Kelley to access the facility in order to remain active with the volunteer fire department in Gretna. Finally, Kelley was damaged as a result of his exclusion from the facility.

## II. DISCUSSION

A. Motion to Dismiss Standard

In considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiff is entitled to offer evidence in support of his claim, not whether he will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United*

*States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied,* 439 U.S. 1070 (1979). Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill*, 580 F.2d at 306. "At the very least the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

Although the complaint must contain facts, an extensive factual statement is unnecessary. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, ___, 127 S. Ct. 2197, 2200 (2007)(citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at 2200 (citing *Twombly*, 127 S.Ct. at 1955). Although the truth of factual allegations is accepted for the purposes of ruling on a motion to dismiss, courts give "no effect to conclusory allegations of law. The plaintiff must assert facts

that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right." *Stalley v. Catholic Health Initiatives*, 2007 WL 4165751, *2 (8th Cir. 2007) (internal citations omitted).

B. Kelley's Equal Protection Claim

Kelley claims his right to equal protection of the laws was violated. *See* U.S. Const. amend. XIV. In *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), the Supreme Court recognized an equal protection claim for "a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." A review of Kelley's complaint reveals that he has alleged such a claim. It does not matter whether the complaint is "quite vague," as the defendants suggest. (*See* Filing No. 12, at 3.) As noted above, under Fed. R. Civ. P. 8(a)(2), the plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Kelley has provided such a statement and therefore his suit should go forward.

The defendants argue that Kelley does not state a claim because the dispute is really between Kelley and the fire chief. It is true that the Supreme Court recently held that class of one equal protection claims are not cognizable in the context of

public employment. *See Engquist v. Or. Dep't of Agric.*, ___ U.S. ___, 128 S. Ct. 2146, 2157 (2008). However, Kelley has not alleged an employment relationship and none appears on the face of his complaint. The defendants argue that the "true actor in this case" was the fire chief, and not the police chief (Filing No. 12, at 2). However, this is not apparent on the face of the plaintiff's complaint. The defendants urge the Court to take "a closer look at the facts alleged" to discover that "the entire basis for the Plaintiff's claim is, at its root, a personnel decision by a third party . . ." (*Id.*) Taking a closer look at the facts is wholly inappropriate at the pleading stage. Kelley is entitled to have the allegations viewed in the light most favorable to him, and in that light he has stated a cause of action.

C. Kelley's Claim Against Sarpy County

The defendants argue that Sarpy cannot be liable to Kelley in any event, because "the law is clear that municipal liability under § 1983 cannot be predicated on a theory of *respondeat superior* based solely on the Sheriff's alleged actions." (Filing No. 12, at 4.) While this is a correct statement of the law, Sarpy fails to note that Kelley's complaint alleges that the Sheriff's *office*, not necessarily the Sheriff personally, committed the acts complained of. Sarpy can be liable for acts it commits itself. While it may be unlikely that

Kelley can prove Sarpy committed these acts, all that is necessary at this stage are proper allegations.

### III. CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (Filing No. 8) should be denied.  Accordingly,

IT IS ORDERED that defendants' motion to dismiss (Filing No. 8) is denied.

DATED this 27th day of February, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court